**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ACT NOW TO STOP WAR AND END RACISM COALITION, *et al.,* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 07-cv-1495 (RCL) |
| THE DISTRICT OF COLUMBIA | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendant District of Columbia's Motion to Stay Briefing on Attorney's Fees, Oct. 22, 2012, ECF No. 73. Upon consideration of the District's motion and the record herein, the Court DENIES the District's motion.

Recently, this Court granted a motion by the plaintiff for a protective order and reasonable expenses. *Act Now to Stop War and End Racism Coal. v. Dist. of Columbia* (*ANSWER IV*), ___ F. Supp. 2d ___, 2012 WL 4712980 (D.D.C. Oct. 4, 2012) (ECF Nos. 67 & 68). The Court found that the District propounded discovery requests in violation of the Scheduling Order without substantial justification, and awarded reasonable costs to the plaintiff. *Id.* The Court's Order set a briefing schedule on attorney's fees, ordering the plaintiff to "submit a petition for such reasonable expenses" within fourteen days of the Order. Order, Oct. 4, 2012, ECF No. 67. The District has fourteen days after service of the fee petition to file an opposition, if any. Within seven days of service of the opposition, the plaintiff may file a reply. *Id.*

The District objected to the Court's decision in *ANSWER IV* and filed a Motion for Reconsideration, to Strike, Or in the Alternative to Stay Payment of Sanctions, Oct. 12, 2012, ECF No. 70. That motion for reconsideration is pending. In the meanwhile, the plaintiff filed its

petition for attorney's fees pursuant to *ANSWER IV*. Pl.'s Mot. for Attorney's Fees Pursuant to the Court's Oct. 4, 2012 Mem. Op. & Order, Oct. 18, 2012, ECF No. 72. According to the Court's Order, the District has until November 1, 2012 to file any opposition thereto.

The District now asks the Court to stay briefing on the plaintiff's fee petition pending disposition of its unresolved Motion for Reconsideration. ECF No. 73. The District claims that a stay is appropriate to avoid unnecessary expenditure of resources, because if the Court grants the District's reconsideration motion, no briefing on attorney's fees will be necessary. *Id*. at 4.

The District is correct that it is well within the discretion of the Court to decide whether to issue a stay. *Id*. at 3–4 (citing *Doe v. Sipper*, ___ F.Supp.2d ____, 2012 WL 2371423, *1 (D.D.C. Jun. 25, 2012)). The District is correct that a Court must balance the competing interests when deciding whether to issue a stay. *Id*. at 4 (citing *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973)). The District is also correct that the "[p]laintiffs [*sic*] have an interest in the prompt resolution of their suit and an award of attorney's fees and costs as sanctions, per the Court's previous decision." *Id*. This interest outweighs the District's interest in not expending resources to oppose plaintiff's fee petition that would be unnecessary if the Court vacates its award of sanctions. The Court will wait to see if plaintiff files an opposition to the District's Motion for Reconsideration (and would then wait for a reply by the District) before ruling on reconsideration. Waiting until this process plays out would delay the plaintiff's recovery of fees by several weeks. The Court will not exercise its discretion to issue a stay, and the District must file any opposition to the plaintiff's fee petition on or before November 1, 2012.

The Court ORDERS that the defendant's motion to stay [73] is DENIED.

IT IS SO ORDERED.

Signed, Royce C. Lamberth, Chief Judge, October 23, 2012.